

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 17, 1962

Honorable Carleton P. Webb
County Attorney
Garza County
Post, Texas

Opinion No. WW-1499

Re: Legality of the election
of constables for precincts
2 and 4 in Garza County under
the stated facts, and a re-
lated question.

Dear Mr. Webb:

Your request for an opinion from this office concerns the legality of the election of constables for precincts 2 and 4 of Garza County who were elected by majority vote at the November 6th, 1962, General Election.

A related question is raised by you as follows:

"Another question has arisen in regard to the same thing, as to the effect of 3912I, VATS, Section 9, in regard to the salary of the Justice of Peace and Constable. The salary of the Justice of Peace in Precinct One is set at $3600 a year. In 1957, the Commissioners' Court set the salary for Constable and Justice of Peace in all other precincts besides Precinct One at One Dollar a year. The question confronting the Commissioners is of course, the matter of setting salaries of the new Justice of Peace and Constables if legally elected, and whether or not they are bound by any restrictions in regards to the matter of setting salaries. . . ."

Section 18, Article V of the Texas Constitution, which creates the office of constable, provides in part as follows:

"Sec. 18. Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified, . . ."

Section 28, Article V of the Texas Constitution provides for the filling of vacancies created in certain judicial offices. No constitutional provision can be found which provides for the filling of vacancies in the office of constable.

However, Article 2355, Vernon's Civil Statutes, provides in part:

"The Court /Commissioners Court/ shall have power to fill vacancies in the office of: County Judge, County Clerk, Sheriff, County Attorney, County Treasurer, County Surveyor, County Hide Inspector, Assessor of Taxes, Collector of Taxes, Justices of the Peace, Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting and the person chosen shall hold office until the next general election."

That a vacancy did exist in the office of constable in Precincts Two and Four of Garza County, cannot be doubted. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, p. 270 (1922), and authorities there cited. Also see Attorney General's Opinion No. V-178 (1947).

Under the plain and unambiguous language of Article 2355, supra, these vacancies are to be filled by the Commissioners Court and the persons so appointed are to hold office until the next general election. Regardless of whether an appointment is or is not made, the office of constable is subject to being filled at the next general election after creation of the vacancy, in compliance with the terms and provisions of Article 2355, supra.

Pertinent parts of Section 65a, Article XVI of the Texas Constitution, read as follows:

". . .Notwithstanding other provisions of this Constitution, the following officers elected at the General Election in November, 1954, shall serve only for terms of two (2) years: . . .(g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution."

By the plain import of the above quoted Section, the next General Election, at which constables are to be elected for

a four year term, will be in November, 1964.

We are therefore of the opinion that the office of constable in Precincts Two and Four of Garza County was vacant at the general election, held on November 6, 1962, and could properly be filled by the election of a qualified individual thereto, said individual being elected to fill the unexpired term terminating December 31, 1964.

Your second inquiry relates to the compensation to be paid the Justices of the Peace and the Constables.

Article 39121, Vernon's Civil Statutes, provides for the compensation to be received by Justices of the Peace and Constables. This statutory provision establishes population brackets together with maximum salary limits in each said bracket.

Section 9 of Article 39121, supra, reads in part:

"Sec. 9. The Commissioners Court shall not be required to fix the salaries in all precincts at equal amounts, but shall have discretion to determine the amount of salaries to be paid each Justice of the Peace and each Constable in the several precincts on an individual basis without regard to the salaries paid in other precincts or to other officials. In arriving at the compensation to be paid the officials governed by the provisions of this Act the Commissioners Court shall consider the financial condition of their respective counties and the duties and needs of their officials, but in no event shall any Commissioners Court set the salary of any official at a figure in excess of the maximum compensation prescribed for the officials of that county by this Act, save and except as hereinafter provided, to-wit: . . ."

From a perusal of the foregoing quoted Section, we can say (1) that salaries need not be fixed in equal amounts in all precincts (2) that the Commissioners Court has wide discretion in fixing said salaries (3) that no minimum salary is prescribed and (4) that in no event shall the Commissioners Court set the salary in excess of the maximum compensation provided by the aforementioned population brackets, except as specifically set forth in Section 9, sub-sections 1 and 2 of Article 39121, supra.

The Legislature in its wisdom, has given the Commissioners Court wide latitude and discretion in setting salaries for Justices of the Peace and Constables. They have prescribed a maximum as to compensation, but have seen fit not to prescribe a minimum.

However, the Legislature has set up certain guides in fixing the amount of salaries when they state in Section 9, Article 3912i, supra.

". . .In arriving at the compensation to be paid the officials governed by the provisions of this Act the Commissioners Courts shall consider the financial condition of their respective counties and the duties and needs of their officials. . ."

We are of the opinion that the Commissioners Court of Garza County, Texas, may set the salaries of the Justices of the Peace and Constables, taking into consideration the financial condition of Garza County and the duties and needs of said officials, at any figure not in excess of the maximum contained in the applicable population bracket.

## S U M M A R Y

The Office of Constable in Precincts Two and Four of Garza County, was vacant at the general election held on November 6, 1962, and could properly be filled by the election of a qualified individual thereto, regardless of whether an appointment had or had not been made to fill such vacancy, with said individual being elected to fill the unexpired term terminating December 31, 1964.

Salaries to be paid Justices of the Peace and Constables are within the discretion of the Commissioners Court limited to the maximums set forth in Article 3912i, Vernon's Civil Statutes, and no minimum has been prescribed by the Legislature.

Sincerely,

WILL WILSON
Attorney General of Texas

Ogden L. Bass, Jr.
Assistant

OLB:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Albert Pruitt
Sam Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore